

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**



FILED
Jan 8, 2008
JAN ~ 8 2008

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | |
|---|---|
| DAVID TAYLOR and<br>PATRICK L. HORNA<br><br>        Plaintiffs,<br><br>v.<br><br>SCHMIDT QUALITY CONSTRUCTION<br>INC., an Illinois Corporation, JUDITH A.<br>SCHMIDT and JAMES<br>SCHMIDT, individually and in their official<br>Capacity as an Employers,<br><br>        Defendants, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**08CV0147**
**JUDGE DER-YEGHIAYAN**
**MAG.JUDGE BROWN**
Magistrate Judge

Jury Trial Demanded

## COMPLAINT

NOW COMES the Plaintiffs, David Taylor and Patrick L. Horna, ("Plaintiffs") by and

through their undersigned counsel of record, and complains against Defendants Schmidt Quality

Construction, Inc., ("Corporate Defendant") Judith A. Schmidt ("Defendant Judith") and James

Schmidt ("Defendant James") ("Individual Defendants") as follows:

### INTRODUCTION

1.    This case is about Defendant's shocking and egregious violations and the

Consolidated Omnibus Budget Reconciliation Act ("COBRA") 29 U.S.C. §1161 *et*

*seq.*, section 502 codified at 29 U.S.C. § 1132 and pursuant to §216(b) of the Fair

Labor Standards Act (hereinafter "FLSA")  and pursuant Illinois Wage Payment

and Collection Act 820 ILCS 115/1 *et seq.* (West 2002)) (hereinafter "IWPCA" ),

and the Illinois Minimum Wage Law (hereinafter "IMWL" ), and pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001 et seq

2.  Plaintiffs request compensation and credit for all uncompensated work required, suffered, and/or permitted by Defendants, liquidated and/or other damages as permitted by applicable law, restitution and payment of all benefits Defendants obtained from their unlawful business practices, and attorneys' fees and costs.

## THE PARTIES

3.  Plaintiff, David Taylor, is a former employee of the Defendants who, within the applicable period of limitations prior to the commencement of this action, was unlawfully deprived of benefits and/or wages due and owing to him by Defendants.

4.  Plaintiff, Patrick L. Horna, is a former employee of the Defendants who, within the applicable period of limitations prior to the commencement of this action, was unlawfully deprived of wages due and owing to him by Defendants.

5.  Defendants, Schmidt Quality Construction Inc., is an Illinois corporation located in Bolingbrook, Illinois and/or Des Plaines, Illinois. Defendants operate a public corporation engaged in the construction industry.

6.  James Schmidt is an individual Defendant and part-owner/investor of the herein named corporation.

7.  Judith A. Schmidt is an individual Defendant and part-owner/investor of the

herein named corporation

## JURISDICTION AND VENUE

8.  Jurisdiction over the causes of action contained in this Complaint is conferred by 28 U.S.C. § 1331, as same arises under the laws of the United States. Additional jurisdiction is founded upon the federal claims made under the FLSA, ERISA and COBRA and a pending claim under the ADEA.

9.  Venue is proper in this judicial district under 28 U.S.C. § 1391(b), in that Defendant employed Plaintiffs in this judicial district, Plaintiffs reside in this judicial district, and all or a substantial part of the events or omissions giving rise to the claims occurred within this judicial district.

## FACTS REGARDING THE CLAIMS PRESENTED BY
## PLAINTIFF DAVID TAYLOR

10.  Plaintiff David Taylor brings claims, under ERISA, Illinois wage laws, Illinois Insurance Laws and Regulations and Common Law, that he is entitled to be paid all promised benefits.  Plaintiff Taylor alleges that, during the relevant times described herein, Defendants, have established a pattern and practice of deliberately refusing, failing and/or intentionally not paying employees all their promised, earned and paid for benefits in order to save hundreds of thousands of dollars in employee compensation and benefits.

11.  Plaintiff Taylor alleges that Defendants violated Illinois Common Law by

breaching both oral and written contractual obligations relating to their employment with the Defendants.

12. Defendant was an employer of Plaintiff as defined by COBRA.

13. Defendant provided a group health plan for all employers and maintained that plan for more than **20 employees** on a typical business day during the preceding calendar year.

14. The Employer acted as "sponsor," as defined by ERISA and that any compliance under this act that is applicable to the sponsor will be fulfilled by the employer.

15. Plaintiff was a qualified, competent, and dedicated employee that was performing all of his job duties in a reasonable and acceptable manner during all relevant times herein.

16. Plaintiff performed all of his job duties in a manner that met the Defendant's legitimate expectations.

17. Plaintiff Taylor completed all necessary paperwork and began to receive medical insurance coverage through his employers' medical insurance plan.

18. In June, July and August of 2007 Plaintiff Taylor paid to his employers a percentage of his wages to be provided said insurance coverage.

19. In June, July and August of 2007 Plaintiff Taylor paid $153.07 to $179.34 per week for insurance coverage via payroll dedications.

20. In August of 2007 Plaintiff Taylor received from United Health Care insurance company notice that his insurance coverage had ended.

21. Further, in August of 2007 Plaintiff Taylor received multiple invoices and bills for medical treatments for himself, his wife and his daughter, each bill indicated

that the Plaintiff Taylor lacked medical coverage and was financially responsible for these medical bills in full.

22. Plaintiff Taylor received these medical bills despite the fact that he paid for medical insurance coverage through the Defendants.

23. Plaintiff Taylor was greatly disturbed that his coverage was denied because he had paid his employer for this coverage, had received no notice from his employer and most significantly Plaintiff Taylor was disturbed because his daughter suffered from a serious medical condition which was very expensive to treat and required ongoing medical treatments.

24. Plaintiff Taylor confronted his employers and was assured by James Schmidt that everything was okay and the notices of cancellation were a mistake.

25. Plaintiff Taylor next spoke to an attorney, Daniel C. Fabbri, who contacted James Schmidt and discussed the lack of coverage and the various violations of law this act involved.

26. The very day the attorney contacted Mr. Schmidt, he fired the Plaintiff for pretexual reasons.

27. Plaintiff Taylor alleges that his termination was a Wrongful Termination based upon his attempt to enforce his rights under Illinois and Federal Law such as ERISA.

28. Plaintiff had an outstanding work history and was never subjected to disciplinary action until after he exercised his right to enforce his federal rights under ERISA. There was no legitimate non-discriminatory/non-retaliatory basis for Plaintiff's termination

29.   Since Plaintiff Taylor's unlawful termination, Plaintiff Taylor has not received his federally mandated COBRA notice of continuation of insurance benefits.

30.   Since Plaintiff Taylor's unlawful termination of Plaintiff Taylor's insurance coverage in July of 2007 Plaintiff Taylor has not received notice of continuation of insurance as required by COBRA and/or ERISA.

31.   Plaintiff Taylor's insurance coverage ended and the employees should have been granted the right to convert to individual coverage.

32.   No coverage notice was given, so Plaintiff Taylor was unable to exercise his right to convert to individual coverage.

33.   Plaintiff Taylor as never told that his insurance coverage had terminated or that he could convert, rather he was assured that the notice of cancelation were "mistakes".

34.   Notice of insurance coverage changes are required by the Consolidated Omnibus Budget Reconciliation Act ("COBRA") amendment to the Employee Retirement Income Security Act, 29 U.S.C. §§ 1161-1168, concerning his right to elect continuing health care coverage.

35.   Defendants failed to make any effort to comply with notification provisions.

36.   Defendants failed to use means "reasonably calculated" to reach plan participants.

37.   COBRA requires sponsors of group health plans to provide plan participants who lose coverage because of a "qualifying event" with the opportunity to choose to continue health care coverage on an individual basis. See 29 U.S.C. §§ 1162, 1163.

38.   "Qualifying events" include the termination of a covered employee's employment.

See 29 U.S.C. § 1163(2) such as occurred to Plaintiff Taylor.

39.  When a "qualifying event" occurs, the plan sponsor must provide written notice to

the plan participant within 14 days of the date it was notified of the "qualifying

event". See 29 U.S.C. §§ 1166(a)(1), (a)(2), (a)(4),and (c).

40.  COBRA requires that employers allow former employees the opportunity to elect

the continuation of their health care coverage for a period of time, at their own

expense, if they are terminated. See 29 U.S.C. § 1161.

41.  When an employee is terminated, the employer is required to notify the plan

administrator within thirty days of the termination. § 1166(a)(2). The plan

administrator is then required to notify "any qualified beneficiary" of his or her

rights under COBRA within fourteen days of the date on which the administrator

is notified of the termination. See id. § 1166(a)(4) & (c).

42.  Defendant s violated 29 U.S.C. § 1166 by failing to give Plaintiff Taylor timely

notice that he could continue his health care coverage.

43.  ERISA defines the term "fiduciary" as follows:

a.  [A] person is a fiduciary with respect to a plan to the extent (i) he exercises
any discretionary authority or discretionary control respecting management of
such plan or exercises any authority or control respecting management or
disposition of its assets, (ii) he renders investment advice for a fee or other
compensation, direct or indirect, with respect to any moneys or other property
of such plan, or has any authority or responsibility to do so, or (iii) he has any
discretionary authority or discretionary responsibility in the administration of
such plan.  29 U.S.C. § 1002(21)(A)

44.  Plaintiff was an employee of Defendant as defined by COBRA.

45.  Defendant was an employer of Plaintiff as defined by ERISA.

46.   Plaintiff was an employee of the Plaintiff as defined by ERISA.

47.   Due to Plaintiff's employment with Defendants, Defendants provided Plaintiff with several benefits, including, but not limited to, the following:

       a.   Health Insurance provided by United Health Care

48.   After terminating Plaintiff's employment Defendant failed to provide any notice to Plaintiff of any possible continuing health benefits, as required by law.

49.   Plaintiff has suffered severe damages as a direct and proximate result of Defendant's unlawful conduct as described herein, including, but not limited to, the following: loss of employment, lost wages, loss of benefits, and other damages.

50.   Between July 1, 2007 and the present time the Plaintiff incurred medical expenses which the insurance company refused to pay and thus caused a loss to the Plaintiff.

51.   Further Plaintiff Taylor alleges that he paid for and promised medical insurance coverage as provided and allowed under Illinois Insurance Laws and regulations, COBRA and ERISA.

52.   Plaintiff Taylor's request for insurance coverage is covered by a federal statute which provides a public policy which should have prevented his termination.

53.   Plaintiff requests injunctive and declaratory relief, and compensation and credit for all uncompensated work required, suffered, and/or permitted by Defendants, liquidated and/or other damages as permitted by applicable law, restitution and payment of all benefits Defendants obtained from their unlawful business practices, and attorneys' fees and costs.

**FACTS REGARDING THE CLAIMS PRESENTED BY**

**PLAINTIFF PATRICK HORNA'S**

54. Patrick Horna worked for the Defendants from July of 2006 to September of 2007.

55. While employed for the Defendants Plaintiff Horna was initially paid at a rate of $25.00 per hour and subsequently his pay was increased to $28.00 per hour.

56. During Plaintiff Horna's employment with the Defendants the Plaintiff worked in excess of forty (40) hours on a number of occasions.

57. On each of these occasions the Plaintiff Horna was not paid at an overtime rate as required under the FLSA.

58. Plaintiff Horna now brings a claim for these owed wages.

59. Further, Plaintiffs Horna's FLSA claims are brought as an "opt-in" collective action claims pursuant to the FLSA.

60. Plaintiff Horna bring his claims, and on behalf of similarly situated persons, for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA (29 U.S.C. § 216(b)), on behalf of all employees of the Defendants' who were, are, or will be employed by the Defendants during the period of three (3) years prior to the date of commencement of this action through the date of judgment in this action, who were not were not compensated at one-and-one-half times the regular rate of pay for all work performed in excess of forty (40) hours per work week.

61. FLSA violation claims are brought and maintained as an "opt-in" collective action pursuant to § 16(b) of FLSA, 29 U.S.C. § 216(b), for all FLSA claims asserted by

the Plaintiff Horna, since the FLSA claims of the Plaintiffs are similar to the FLSA claims of all hourly workers of the Defendants.

62.   Defendants required employees to work in excess of forty (40) hours per week without any additional compensation beyond the straight time pay. This requirement was a pattern and practice of Defendants. but were not compensated at time-and-a-half for hours in excess of forty (40) hours per week

63.   In addition to the failure to pay overtime wages, Patrick Horna was not paid all his due straight time wages and not reimbursed all his due expenses as follows:

   a.   Plaintiff Horna received a number of paychecks from his employers, which when cashed or deposited, were returned due to Insufficient Funds in the employers bank account. (NSF).

   b.   Defendants' repaid the vast majority of these NSF checks.

   c.   However, one of the NSF checks, for $835.00, was never repaid despite the Plaintiff's repeated requests for repayment.

   d.   In September of 2007 Plaintiff Horna was terminated and never paid his final paycheck in the amount of thirty-one (31) hours at a rate of $28.00 per hour or $868.00.

   e.   Plaintiff Horna also never received requested reimbursement of supplies and materials in the amount of approximately $450.00.

   f.   Additionally, in the week ending August 18, 2007 Plaintiff Horna was paid 23.5 hours for work and 16 hours for paid vacation, but was paid at a rate of $25.00 per hour rather than at the agreed and contracted rate of $28.00 per hour.

g. Further, on the week ending August 12, 2006 the Plaintiff Horna worked 44.5 hours, and was paid $1,112.50 and was paid at a rate of 25 dollars per hour but he was not paid any overtime wages.

h. On the week ending August 19, 2006 worked 43.5 hours but was paid only 1087.50 and was not paid any overtime wages.

i. On the week ending August 26, 2006 Plaintiff Horna worked 43.5 hours but was only paid $1087.50 and was not paid any overtime wages.

j. On the week ending September 2, 2006 the Plaintiff Horna worked 40 hours and was paid $1000.00, thus demonstrating that his rate of pay for all hours under 40 were paid at a rate of $25.00 per hour.

k. Due to the August work and straight time payments the Plaintiff is owed overtime wages.

l. Plaintiff is owed other amounts and other amounts of overtime wages.


64. Patrick Horna was terminated because he was "too old and too slow".

65. Plaintiff Horna's illegal termination is subject to a claim filed with the EEOC and will be added to this suit upon issuance of a Right to Sue Letter.

66. All allegations and claims alleged herein should be read in the alternative, to the extent such an interpretation is necessitated by law

67. All allegations and claims alleged and plead are based upon personal information and knowledge, those not based upon personal information and knowledge are based upon information and belief.

## COUNT I

## VIOLATION OF CONSOLIDATED OMNIBUS BUDGET RECONCILIATION ACT

## 29 U.S.C. §1161 *et seq.*

### Brought by Plaintiff Taylor against all Defendants

68.  Plaintiff re-alleges and incorporates all paragraphs of this complaint as if fully set forth herein.

69.  Defendant provided Plaintiff with several health benefits due to his employment with Defendant, including, but not limited to, the following:

   a.   Health Insurance provided by United Health Care

70.  Plaintiff was a covered employee under COBRA.

71.  Defendant is a covered employer plan sponsor under COBRA.

72.  Plaintiff's termination was a qualifying event under COBRA.

73.  After his termination, Plaintiff was entitled to notice from the employer regarding his rights to continuing health care coverage within thirty (30) days of his termination. 29 U.S.C. §1166(a)(2).

74.  After the termination of the Plaintiff's insurance coverage in July of 2007, Plaintiff was entitled to notice from the employer regarding his rights to continuing health care coverage within thirty (30) days.

75.  Defendant failed to provide any notice to Plaintiff of his rights to continuing health care coverage either before, during, or after his termination.

76.  Defendant violated COBRA by failing to provide any notice to Plaintiff of his rights to continuing health care coverage under COBRA.

77.  There was no legitimate basis for Defendant's failure to provide any notice to

Plaintiff of his rights to continuing health care coverage under COBRA.

78.   Defendant's violation was knowing, willful, malicious, and with reckless disregard for the effect on Plaintiff.

79.   As a result of Plaintiff Taylor's employment by defendants, he, his wife and his daughter were participants in and/or qualified beneficiaries of Plan as defined by COBRA, 29 U.S.C. §§1167(2) & (3)(B)].

80.   Defendants are liable to pay the medical bills Plaintiff Taylor and his family incurred due to Defendant's retroactive cancellation of Plaintiff Taylor's and his families medical insurance and/or due to defendant's failure to provide Plaintiff Taylor and his family with COBRA notice.

**WHEREFORE**, Plaintiff Taylor prays for a judgment against Defendants in the amount of $1,000,000.00, plus all costs for services and supplies provided up to the date of trial, plus interest and attorney's fees and expenses associated with prosecuting the matter and for any and all such other and further relief as this Court deems equitable and just and specifically prays as follows:

a.   Payment by Defendant of $110 per day per covered individual from the date that it should have provided COBRA notice to his to the date of judgment or the date, if any, that it provides him with COBRA notice under ERISA §502(c)(1) [29 U.S.C. §1132(c)(1)] and 29 C.F.R. 2575.502-(c)-(1).

b.   Payment reasonable attorneys fees and costs under ERISA 502(c)(1) & (g)(1) 29 U.S.C. §1132(c)(1) & (g)(1) for.

c.   Payment of the "benefits rightfully due and owing under the P[lan]" and for

costs under ERISA § 502(g), 29 U.S.C. § 1132(g).

## COUNT II

### VIOLATION OF ERISA

### 29 U.S.C. §1161 *et seq.*

### Brought by Plaintiff Taylor against all Defendants

81.　Plaintiff re-alleges and incorporates all paragraphs contained within this complaint as if fully set forth herein.

82.　29 U.S.C. § 1132(a)(1)(B) Section 502(a)(1)(B) provides that a participant may bring a civil action "to recover benefits due to him under the terms of his plan [or] to enforce his rights under the terms of the plan."

83.　502(a)(1)(B) allows participants to recover benefits under ERISA plan terms as modified by non-preempted state insurance laws

84.　"any action brought by a beneficiary to enforce the policy as so modified could only be brought under § 502 of ERISA, 29 U.S.C. § 1132

85.　Participants and beneficiaries can recover benefits under the terms of an ERISA plan. See 29 U.S.C. § 1132(a)(1).

86.　Section 502(a)(3) of ERISA provides that a participant, beneficiary or fiduciary may bring a civil action to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or ... to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan....

87.  Section 502(a)(2) provides that the Secretary, a participant, beneficiary or fiduciary may bring an action "for appropriate relief under section 1109 of this title." 29 U.S.C. § 1132(a)(2). Section 1109 provides that a fiduciary who breaches any fiduciary obligation "shall be personally liable to make good to such plan any losses to the plan resulting from each such breach." 29 U.S.C. § 1109(a).

88.  Here Defendants are fiduciaries and by failing to ensure insurance coverage the Defendants violated and breached their fiduciary duties to Plaintiff Taylor.

**WHEREFORE**, Plaintiff, Taylor prays for a judgment against Defendants in the amount of $1,000,000.00, plus all costs for services and supplies provided up to the date of trial, plus interest and attorney's fees and expenses associated with prosecuting the matter and for any and all such other and further relief as this Court deems equitable and just additionally Plaintiff specifically asks for the following:

A.  Recover benefits due and enforce rights under the plan.

B.  the "benefits rightfully due and owing under the P[lan]" and for costs under ERISA § 502(g), 29 U.S.C. § 1132(g

C.  A finding that the Defendants are the sponsor of a group health plan and the Defendants failed to comply with COBRA is subject to an excise tax of $100 per day for each affected beneficiary; Plaintiff Taylor and his two family members are each affected beneficiaries.

D.  Provide appropriate relief from the breaches of fiduciary duty.

E. Enjoin any act or practice that violates the terms of the plan or any provision of Title 1 of ERISA, such as the reporting and disclosure, participation, vesting or funding, and fiduciary provisions, or to obtain other equitable relief.

F. Enforce the right to receive a statement of vested benefits upon termination of employment.

G. Payment of attorney fees and costs in accordance with ERISA provisions.

## COUNT III

## TERMINATION AGAINST PUBLIC POLICY

### Plaintiff Taylor against all Defendants

89.    Plaintiff Taylor realleges and incorporates by reference all the paragraph contained in this complaint, as if fully set forth herein.

90.    Plaintiff Taylor was terminated from his employment with Defendants on or around September 1, 2007, because of his demands for proper insurance coverage in accordance with Federal Law and ERISA.

91.    Plaintiff Taylor was terminated because he demanded, through his legal representative, to have his insurance reinstated.

92.    Because unauthorized failure to provide insurance and the retaining of the insurance premiums paid by the Plaintiff is theft of property, it is an illegal act.

93.    The plaintiff was discharged in retaliation for the plaintiff's demands for his ERISA rights.

94.    The discharge violated a clear mandate of public policy.

95.    The actions of the employer could effectively frustrate a significant public policy by using its power of dismissal in a coercive manner.

96.    Whistleblowing on illegal and/or wrongful activities is an important public policy
       that goes to the heart of a citizen's social rights, duties, and responsibilities.

97.    Plaintiff Taylor blew the whistle on this illegal activity and thereby was
       terminated in contravention of Illinois Public Policy.

## THIRD PRAYER FOR RELIEF

WHEREFORE, Plaintiff Taylor individually pray for the following relief:

A.    Declaratory judgment that the employment practices challenged herein are illegal
and violative of the rights secured to Plaintiff;

B.    A preliminary and permanent injunction against the Defendants and their partners,
officers, owners, agents, successors, employees, representatives and any and all persons
acting in concert with it, from engaging in any further unlawful practices, policies,
customs and usages as set forth herein;

C.    Damages sufficient to compensate Plaintiff for his injuries;

D.    Reinstatement or Front Pay;

E.    Back Pay, inclusive of lost wages and any benefits;

F.    Lost Future Earnings

G.    Pre-judgment and post-judgment interest;

H.    Punitive damages;

I.    Reasonable attorney's fees;

J.    An award of litigation costs and expenses;

K.    Any and all other relief that this Honorable Court may deem just and equitable

## COUNT IV

### (Breach of Written and/or Oral Contract)

98.   Plaintiff Taylor realleges and incorporates by reference all the preceding paragraphs, as if fully set forth herein.

99.   Plaintiff Taylor was employed by the Defendants under a written and/or oral.

100.  The terms of Plaintiff Taylor's contract included payment of the benefits including payments for insurance and/or insurance coverage.

101.  Plaintiff Taylor, after July of 2007, did not receive the contractually obligated compensation and/or insurance coverage.

102.  Plaintiff Taylor provided consideration in the form of his employment and labors to the Defendants and the Defendants provided some, but not all, of his promised compensation, in mutual consideration of the above-described contract.

103.  Defendants, by failing to pay all of his compensation, thereby breached the contracts with Plaintiff Taylor.

104.  Because of the breach of contract the Plaintiff suffered and continues to suffer losses and damages due to the actions of the Defendants.

### FOURTH PRAYER FOR RELIEF

WHEREFORE, Plaintiff Taylor prays for the following relief:

A.    Unpaid wages and liquidated damages pursuant to the parties oral and/or written contract;

B.    Compensatory damages;

C.    Consequential damages;

B.    Attorneys' fees and costs of this action; and

C.    Such other relief as this Court shall deem just and proper.

## COUNT V

## PLAINTIFF HORNA'S CLAIMS UNDER ILLINOIS WAGE LAWS and

## COMMON LAW OF ILLINOIS

105.    Plaintiff Horna realleges and incorporates by reference all the paragraphs contained in this complaint, as if fully set forth herein

106.    This cause of action arises out of employment contracts, written and oral.

107.    Plaintiff Horna was employed by Defendants.

108.    Plaintiff Horna is owed wages and expense reimbursements as alleged above.

109.    The Illinois Wage Act 820 ILCS 115/1 et seq. (West 2002), section 5 states "Every Employer shall pay the final compensation of separated employees in full, at the time of separation, if possible, but in no case later than the next regularly scheduled payday for such employee."

110.    The failure of the Defendants to pay the Plaintiff's wages and expenses were not the result of deductions due to/for: 1) requirements of the law, 2) the benefit of the employee, 3) in response to a valid wage assignment or wage deduction order, 4) express written consent of the employee.

111.    The Defendants' unlawful conduct was and is not inadvertent, de minimis, isolated or sporadic, but widespread, repeated and part of a pattern and practice of conduct affecting all Defendant' employees.

112.    Plaintiff was under the control and direction of the owner of the Defendants

and/or his agents during the period of the Plaintiff employment under their contracts of service and in fact.

113.    Plaintiff was not an independent contractor, rather was an employee of the Defendants by oral agreement and/or written contract.

114.    Plaintiff's employment was in the usual course of business for which such service is performed.

115.    Plaintiff did not possess a proprietary interest in the Defendants.

116.    The Defendants' are "employers" under the terms of the IWPCA section 2.

117.    In accordance with IWPCA, an employer is also defined as: "any officer of a corporation or agents of an employer who knowingly permit such employer to violate the provisions of this Act shall be deemed to be the employers of the employees of the corporation", therefore Judith A. Schmidt and James Schmidt, are employers under the definition of employer in the IWPCA, because they knowingly permitted and directed the violation of the Act (IWPCA) and is both an owner and agent of the named corporations.

118.    The Individual Plaintiffs' delivered by three (3) methods, three (3) days prior to the filing of this action a demand for payment of the Plaintiffs' individual wages. (See attached certified copy of correspondence from Plaintiffs' counsel to Defendants dated December 27, 2007, attached as Exhibit "B").

119.    Plaintiffs' demand was for their final compensation for a sum not exceeding the amount due and owed.

## COUNT VI

### (Quantum Meruit)

120.  Plaintiff realleges and incorporates by reference all the paragraphs contained in this complaint, as if fully set forth herein.

121.  Defendants, at all times material to this Complaint, were conscious and aware that Plaintiff's employment required payment of all owed wages and repayment of owed expenses.

122.  Plaintiff worked for the Defendants the direction and behest of Defendants and the benefits thereby conferred on Defendants were accepted and appreciated by it.

123.  Defendants is liable to Plaintiff under quantum meruit for all work performed by Plaintiffs for Defendants.

## COUNT VII

### Unjust Enrichment

124.  Plaintiff realleges and incorporates by reference the  all paragraphs contained in this complaint, as if fully set forth herein.

125.  Plaintiff was employed by Defendants.

126.  The benefit was and is appreciated by the Defendants.

127.  The benefit was accepted and is being accepted by the Defendants under such circumstances that it would be inequitable for it to be retained without payment.

128.  Accordingly, Defendants are liable to the Plaintiff for all hours worked for which the Defendant have not paid the Plaintiffs and the Class.

## ILLINOIS COMMON LAW AND ILLINOIS WAGE LAWS'

## PRAYERS FOR RELIEF

## (Counts V, VI, VII)

WHEREFORE, Plaintiff Horna prays for the following relief:

B.    Unpaid wages and liquidated damages pursuant to IWPCA and the supporting Illinois Department of Labor regulations;

C.    Liquidated damages in accordance with the IWPCA in the amount of 10 days of wages.

D.    Unpaid regular wages, spread-of-hours premiums, and overtime wages pursuant to the IWPCA;

E.    Consequential damages;

F.    An injunction requiring Defendants to pay all statutorily-required wages;

I.    Additional compensation/penalty due to the Plaintiffs in accordance with Section 14(b) of the IWPCA in the amount of 1% per day (up to an amount to twice the sum of unpaid wages) due under the IWPCA for the delay in payment of due wages;

J.    Issuance of a Declaratory Judgment that the practices complained of in this Complaint are unlawful under Illinois Law;

K.    Attorneys' fees in accordance with all applicable laws, Illinois Law and pursuant to 705 ILCS 225/1; the Illinois Attorneys Fees in Wage Actions Act.

L.    and costs of this action; and

M.    Such other relief as this Court shall deem just and proper

## COUNT VIII

### On Behalf of Plaintiffs and All Opt-In
### Hourly Employees Against Defendants
### (FLSA Claims, 29 U.S.C. § 201 et seq.)

129.   Plaintiff realleges and incorporates by reference the all paragraphs contained within this complaint, as if fully set forth herein

130.   At all relevant times, Defendants have been, and continues to be, an "employer" engaged in interstate commerce and/or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203.

131.   At all relevant times, Defendants have employed, and continues to employ, "employee[s]," including the Plaintiffs, and each of the members of the FLSA Opt-Ins, that have been, and continue to be, engaged in interstate "commerce" within the meaning of the FLSA, 29 U.S.C. § 203

132.   At all relevant times, Defendants have engaged, and continue to engage, in a willful policy, pattern, or practice of requiring or permitting their employees, including the Plaintiffs and members of the prospective FLSA Collective, employed by Defendants to fail to pay overtime to Hourly Employees to work in excess of forty (40) hours per week without compensating such employees for work performed at the applicable rate.

133.   At all relevant times, the work performed by Plaintiff Horna employed at Defendants' were, and continue to be, required or permitted by Defendants, for the benefit of Defendants, directly related to such employees' principal employment with Defendants, and as an integral and indispensable part of such

employees' employment of Defendants.

134.   As a result of the Defendants willful failure to record or compensate its employees – including Plaintiffs and members of the prospective FLSA Class –– employed by Defendants' for all hours worked, Defendant have violated, and continue to violate, the maximum hours provision of the FLSA, 29 U.S.C. § 207(a)(1), and § 215(a).

135.   As a result of the Defendant's willful failure to record, report, credit, and/or compensate its employees employed at Defendants, including the Plaintiffs and members of the prospective FLSA Class, Defendants have failed to make, keep and preserve records with respect to each of their employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, including 29 U.S.C. §§211(c) and §§ 215(a).

136.   The foregoing conduct, as alleged, violated the FLSA, 29 U.S.C. §§ 201 et seq Individual named Plaintiff, on behalf of himself and all FLSA Opt-Ins, seek damages in the amount of his respective unpaid compensation, plus liquidated damages, as provided by the FLSA, 29 U.S.C. § 216(b), and such other legal and equitable relief as the Court deems just and proper

137.   Plaintiff, on behalf of himself and all FLSA Opt-Ins, seek recovery of attorneys' fees and costs of action to be paid by Defendants, as provided by the FLSA, 29 U.S.C. § 216(b).

138.   Plaintiff Horna has consented to be a party to this action, pursuant to 29 U.S.C. § 216(b).  Plaintiff's signed consent is attached hereto as exhibit "A".

139.   At all times relevant to this action, Plaintiff and all FLSA Opt-Ins were employed

by Defendants within the meaning of the FLSA

140. At all times relevant to this action, Plaintiff and all FLSA Opt-Ins were engaged in commerce and/or the production of goods for commerce and/or Defendants were an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

141. Due to Defendants' FLSA violations, Plaintiffs and all FLSA Opt-Ins are entitled to recover from Defendants their unpaid compensation, an additional equal amount as liquidated damages, additional liquidated damages for unreasonably delayed payment of wages, reasonable attorneys' fees, and costs of the action, pursuant to 29 U.S.C. § 216(b).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, individually and on behalf of the FLSA Collective and the Overtime Class, pray for the following relief:

A. That, at the earliest possible time, the Plaintiffs be allowed to give notice of this collective action, or that the Court issue such notice, to all persons who are presently, or have at any time during the three years immediately preceding the filing of this suit, up through and including the date of this Court's issuance of Court-supervised notice, been employed by the Defendant as an hourly employees. Such person shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were not paid all overtime wages owed.

B. Unpaid wages and liquidated damages pursuant to 29 U.S.C. § 201 et seq. and the supporting United States Department of Labor regulations;

C.    Unpaid regular wages, spread-of-hours premiums, and overtime wages pursuant to the IMWL and other state wage laws;

D.    Compensation originating from Defendants company policies, contractual obligations and ERISA requirements owed as a result of unpaid overtime wages;

E.    An injunction requiring Defendants to pay all statutorily-required wages pursuant to Illinois Law;

F.    An injunction requiring Defendants to pay all statutorily-required wages pursuant to Illinois Law;

G.    Issuance of a Declaratory Judgment that the practices complained of in this Complaint are unlawful under Illinois Law, 820 ILCS 105/1 *et seq.* and supporting Illinois Department of Labor regulations and other state wage laws;

J.    Attorneys' fees and costs of this action; and

K.    Such other relief as this Court shall deem just and proper.


## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all questions of fact raised by the Complaint.


Dated: January 10, 2008

Respectfully submitted,

By:    _____

JOHN C. IRELAND

Attorney for the Plaintiffs

John C. Ireland

The Law Office of John C. Ireland
1921 Charles Lane
Aurora Illinois
60505
630-464-9675
Facsimile 630-206-0889
Attorneyireland@aol.com
Attorney Number 6283137

## CONSENT TO BECOME A PARTY

I hereby consent to become a party in the foregoing lawsuit to be filed against

_Schmidt Quality Construction_

in pursuit of proper redress of claims made under the Fair Labor Standards Act; 29 U.S.C. Section 216(b).

I hereby name the law firm of John C. Ireland to represent me in this suit

_Patrick L. Horna_
Signature

_Patrick L. HoRNA_
Printed name

_940 Riely Road Lisle_
Address

_Lisle IL 60532_
City, State, and Zip Code

**A"**

# THE LAW OFFICE OF JOHN C. IRELAND

## **EMPLOYEE RIGHTS ATTORNEY**

1921 Charles Lane
Aurora, Illinois   60505
Facsimile 630-206-0889
(630) 464-9675
Attorneyireland@aol.com
Atty4employees@aol.com

December 27, 2007

**Sent Via 1ˢᵗ Class Mail, facsimile**
**To: 630-724-1822**

**Mr. James Schmidt**
**Ms. Judith Schmidt**
**Schmidt Quality Construction**
**1001 Curtiss Street**
**Downers Grove Illinois**
**60515**

**Also sent to:**
**348 Sherwood St.**
**Bolingbrook Illinois**
**6044**

**Also sent to:**
**Spiegel & Utrera P.A.**
**123 West Madison St.**
**Suite 806**
**Chicago, Illinois**
**60602**

RE: Demand for payment of wages and owed expense repayments for Patrick L. Horna

To Whom It May Concern;



This letter shall serve as an official demand for full and complete payment of the all wages due in accordance with the Illinois Wage Payment and Collection Act 820 ILCS 115/1 *et seq.*, Illinois Minimum Wage and Overtime Claim Act and The Fair Labor Standards Act (FLSA) and this demand is made in conjunction with the Attorneys Fees in Wage Actions Act; 705 ILCS 225/1.

This demand for payment of owed wages is based upon Mr. Patrick Horna's work as a for Schmidt Quality Construction (Schmidt). The amount owed and herein demanded is $2,271.50 for his owed wages and repayment of owed expenses, and payment of his attorney fees. Payment of both these amounts is required to fully release your agency of these wage claims. **However, payment of these amounts will not release the Defendants of other potential liability such as FLSA claims and/or other Federal and common law claims. Payment of commissions and wages simply removes these claims from Mr. Horna's pending legal actions.**

The following is the basis for this demand.

## OWED WAGES

According to the Illinois Wage Payment and Collection Act, if an employee is not paid at the fixed time for payment, they "shall be paid upon demand at any time within a period of five days after the time fixed for payment; and after the expiration of the five day period, payment shall be made upon five days demand." 820 ILCS 115/4.    Commissions may be paid once a month. 820 ILCS 115/3. A party is entitled to commissions for all sales they were the procuring cause for. *Scheduling Corporation of America v. Massello*, 503 N.E.2d 806, 809 (Ill. App. Ct. 1987).    The salesman or agent who is the procuring cause is entitled to the commission notwithstanding the fact that the sale was consummated by the principal personally or through another agent. *Id.*

The amounts owed to Mr. Horna are well known to Schmidt  however, once again, the amounts of 'wages owed" are as follows:

a.   Mr. Horna received a number of paychecks from Schmidt, which when

cashed or deposited, were returned due to Insufficient Funds in the employers

bank account. (NSF).

b.   Schmidt repaid the vast majority of these NSF checks.

c.   However, one of the NSF checks, for $835.00, was never repaid despite the

Mr. Horna's repeated requests for repayment.

    d.  In September of 2007 Mr. Horna was terminated and never paid his final

paycheck in the amount of thirty-one (31) hours at a rate of $28.00 per hour or

$868.00.

    e.  Finally Mr. Horna also never received requested reimbursement of supplies

and materials in the amount of approximately $450.00.

Under Illinois wage laws, repayment of expenses, owed benefits and promised compensation all are considered "wages", therefore the above amounts are due. The amounts owed to Mr. Horna are well known to Schmidt as Mr. Horna requested payments of these amounts on innumerable occasions. Therefore I will not go into greater detail regarding these amounts, but would be very happy to discuss these claims with you or your representative.

## ATTORNEY FEES

In addition, Mr. Horna demands that Schmidt pay all of his attorney fees incurred to date and incurred in pursuant of his rightful compensation. This demand is made in the interest of allowing him to enjoy all of his wages. Further, the demand of payment of Mr. Horna's attorney fees is made in conjunction with the Attorneys Fees in Wage Actions Act; 705 ILCS 225/1. This act was created specifically to allow employees that are owed wages to bring claims and have their attorney fees paid. Accordingly, Mr. Horna demands payment of his attorney fees which are as of this date and communication in the amount of $1,610.00. This amount is determined by multiplying the hours worked, thus far in this case, by my hourly rate of $350.00 per hour. As of today's date I have expanded 4.6 hours, thus the fees demanded are $1,610.00. Payment of Mr. Horna's owed wages, without payment of his attorney fees, does not absolve Schmidt of liability for his attorney fees. If Mr. Horna's attorney fees are not similarly paid in full, he will be forced to pursue all remedies available to him, to recover that portion of his wages.

This demand is non-negotiable as the wages are due and have not been paid. In accordance with Illinois law any demand for reduction of these amounts is improper and a breach of contract.

Finally, if you fulfill your obligation to pay Mr. Horna his owed wages and attorney fees; do not enclose or expect completion of some form of "release" or "settlement papers". As this is a demand for owed wages and attorney fees, no release is required and will not be signed or even considered. Like a paycheck, the amount paid will be considered paid and preclude further claims for the amounts specifically contained within this correspondence and paid for and specifically acknowledged by Schmidt.

Should you have contrary indications as to your payments to my client, please immediately contact my office with this information. I ask that if you have contrary evidence that you provide documents supporting these claims.

If I do not receive any communications from you by January 3, 2008 I will assume that the debts are just and act accordingly. To avoid any additional fees and/or penalties and/or interest payments please forward payment in the amount of $2,271.50 for his owed wages and repayment of owed expenses, payable in the name of "Patrick L. Horna" and $1,610.00 for the legal fees thus far incurred payable in the name of "The Law Firm of John C. Ireland" by or before January 3, 2008.

Please contact me at your earliest convenience to advise or not Defendants are interested in resolving Mr. Horna's outstanding owed wages, expenses and commissions. If not, Mr. Horna will proceed to immediately file a lawsuit and take all further legal action required to seek full redress of his claims. **Once again, this is a demand for payment of owed wages and commissions and completely excludes all other claims and causes of actions held by Mr. Horna's including claims under the FLSA.**

Sincerely,

John C. Ireland , Esq.
The Law Office of John C. Ireland
Employee Rights Lawyer
1921 Charles Lane
Aurora, Illinois
60505
630-464-9675
Facsimile 630-206-0889
Attorneyireland@aol.com
Atty4employees@aol.com

**Raul Dewan v. UGC and CGC**
**Document Preservation Notice**
December 5, 2007

FAX JOURNAL

TIME : 12/23/2007 01:33
SER.# : B5K341150

| DATE | TIME | FAX NO./NAME | DURATION | PAGE(S) | RESULT | COMMENT |
|------|------|--------------|----------|---------|--------|---------|
| 12/22 | 22:05 | 18303691300 | 03:00 | 06 | OK | TX   ECM |
| 12/23 | 01:13 | 16307241822 | 02:16 | 05 | OK | TX   ECM |
| 12/23 | 01:28 | 16307241822 | 04:09 | 08 | OK | TX   ECM |

BUSY: BUSY/NO RESPONSE
NG  : POOR LINE CONDITION
CV  : COVERPAGE
CA  : CALL BACK MSG
POL : POLLING
RET : RETRIEVAL